The next matter, number 171262, United States v. Joe Saldana-Rivera. Good morning, Ms. Harrell. Good morning. May it please the Court. Jessica Harrell, I'm from the Federal Public Defender's Office. On behalf of Mr. Joe Saldana, may I please reserve two minutes for rebuttal? You may. In Mr. Saldana's trial, the District Court erred in two respects. First, it erred in denying Mr. Saldana's motion for judgment of acquittal because the underlying state predicate, attempted sexual assault, when the victim in question is a fictitious minor, is simply not a crime in Puerto Rico. Secondly, the District Court erred in failing to deliver jury instructions regarding all elements of the predicate state offense. When it instructed the jury that 2422B's criminal sexual activity could be evaluated for chargeability rather than convictability. Your Honors, the facts in this case went largely uncontested. This was a charging error by the government. Now as this Court has held in David-Danieves, the fourth element required by 2422B, the criminal sexual activity element, may be defined by state law. In this case, the government identified Puerto Rico sexual assault in its modality of engaging in sexual activity with a minor under age 16 as the underlying state offense. A plain reading of Article 130, which is Puerto Rico's sexual assault statute, requires an actual minor victim. Because the uncontroverted evidence at trial showed that at all times Mr. Saldana communicated with an adult posing as a minor, the government failed to prove 2422B's fourth element. Isn't that just the difference between a completed act and an attempt? I mean, if state law says, state or commonwealth law says it's an offense to steal a car, attempting to steal a car where there's no theft wouldn't be a violation of that state law. And yet, attempting to steal the car could be a violation of federal law if that were one of the underlying predicates for the federal law. Right, but Your Honor, I believe that whether or not they charge an attempt, which in this case we of course know that they did charge it as an attempted act, presupposes that the underlying state predicate is actionable. For example, if we look to a similar federal charge which is charged based on a predicate, 922G1, in a Felon in Possession Act, you must know that in Puerto Rico, for example, there exists a diversionary program, whereas if a person is convicted and then successfully completes the diversionary program, this conviction is expunged from their record. Now later on, if this person possesses a firearm, even an attempted possession of a firearm, if that conviction is nonexistent on that person's record, the federal government here will not charge a 922G1, attempt or in its completed form. So our argument is attempt or not, it's 2422B, Congress has decided to leave that fourth element up to the states and it is required to be an actionable state predicate. And we would also suggest that our plain reading of Article 130 of the Sexual Assault Statute in Puerto Rico, the historical context of this article in Puerto Rico gives strength to our interpretation. Some form of sexual assault in Puerto Rico has existed for over 100 years in the Commonwealth. Yet despite this long history of this particular article, there are no reported Puerto Rico cases dealing with sexual assault when the victim is a fictitious minor. But there wouldn't be, because we're back to the attempt issue. I mean, if you go to the, while he was conducting this activity that led to his arrest, if you had shown him the Puerto Rico statute and you read it, and you asked him, are you attempting to violate that statute, and he were truthful, he would have said, you're darn right. That's exactly what I'm doing. I'm trying to violate that statute. Now, in fact, we know that his effort to violate the statute couldn't succeed in having a violation of the statute because unbeknownst to him, the individual was not under 18. But how does that mean that he still wasn't attempting to violate that statute? I think what John is referring to is what the government is suggesting is that this was a factual impossibility that he couldn't complete because of a fact unbeknownst to him. We suggested to the court that this is a legal impossibility because one of the elements required in Article 130 is that the minor at the time of the offense was under the age of 16. But can you give me an example of a factual impossibility case where you could not also say, well, because it was factually impossible, it was also legally impossible? It would always be legally impossible if it's factually impossible. I think an example in which something would be factually impossible might be an attempted murder where you go and believe the person's sleeping in their bed and you go into their bed and shoot multiple times and they're not in their bed, but you still, that was an unbeknownst fact to you and you still attempted to murder the person. A legal impossibility, and it's a fine line here in the circuit, sir. Well, by law, it's not murder to shoot into an empty bed. Right. So it's legally impossible. The person took a step in furtherance of that act. What we're suggesting here is even though Mr. Saldana took steps in furtherance of 2422B, they're simply not an actionable predicate. The government could have chosen any other predicate on which to charge Mr. Saldana, yet it selected something that Congress has determined to leave up to the state. It selected Article 130, and Congress has decided in drafting 2422B to leave that fourth element, to give voice to the Commonwealth. And in Puerto Rico, Article 130, attempt or not, is not charged when there's not an actual victim who is under the age of 16. And as I was saying, as far as the, what gives strength to this reading in addition to the historical context is the recent history of Article 130 in Puerto Rico. Puerto Rico Penal Code has been amended three times in the last 15 years. This contemplates the dawn of the outstanding Article 130 has remained intact throughout these three revisions. The Puerto Rico legislature has chosen to leave the language of Puerto Rico Article 130 as is. There's been no amendments to say that whether the victim was under 16 or the defendant believed he or she was under 16, as other state legislatures have amended their underlying predicates or their statutes, excuse me, in order to reflect these online crimes. Puerto Rico has not done so, and we must give deference when Congress decides to leave this fourth element up to the states. If the facts were as your client believed them to be, then he would have violated the Puerto Rico statute had he been able to complete his effort. With the undercover agent still being the... If the facts were as your client believed them. Your client believed he was talking to a 16-year-old, and if he had carried through on his attempt successfully, that would have violated the Puerto Rico statute. No, Your Honor. That is our argument before the court, that even if he had completed the attempt, if at all times the alleged victim was in fact an undercover agent... My question is if the facts were as your client believed them to be, not if the facts were as they were. Your client believed it was a 16-year-old, right? Yes. Okay. If your client had been right, and he had successfully enticed her into engaging in sex, and he was right that she was 16, we get a flat-out violation of the Puerto Rico statute. No, because his act to engage, whether attempt or not, whether he believed or not, is not written into the Puerto Rico statute. Are you saying that if he engaged in sex with a 16-year-old girl, it would not violate the Puerto Rico statute? No, Your Honor. That's not what we're suggesting. Okay. Are you aware of any case, what's your best case that would say that if someone makes an attempt, takes steps in furtherance of that attempt, and had they been able to complete it and the facts been as they believed them to be, they would have been guilty of the underlying offense, would nevertheless not be a crime because the facts were otherwise enough so as to render it not an offense, substantively? Okay. I believe the best case is cited in our brief, which is Hicks v. Commonwealth. In the Eighth Circuit, also undertook that analysis. In Hicks, the defense made that it's a state-level case from Virginia, and the defendant made the same argument. The difference in that case is that the Virginia Supreme Court determined that because he believed that the minor was under the age, that that was an actionable offense in Virginia. There is no cited Puerto Rico case dealing with this issue, and that, we believe, strengthens our argument, is that it's just not an actionable predicate offense. I see that my time is up, so unless the Court has any further questions at this time. Thank you. Good morning, Your Honors, and may it please the Court. Francisco de Sousa Martinez for the Government. Your Honors, I'd like to point out that the underlying predicate offense in this case is not Puerto Rico attempted sexual assault of a minor. It is Puerto Rico sexual assault of a minor. The question in this case is whether the facts, had they played out as Saldana envisioned them in his mind, would have or could have constituted actual sexual assault of a minor under Puerto Rico law. It is not whether the facts, as they actually played out, would have constituted attempted sexual assault of a minor. Let me make sure I'm understanding how that works. If someone goes to a social event, they look across the room, they see a person who is 23 years old, but they think the person is 16, and then they go and they solicit sex with the person. Is that a violation of the Puerto Rico statute? The Government's position is that factual impossibility, whether or not it is an applicable defense under Puerto Rico law, is irrelevant. So I think your answer is then yes, that would be a violation of the Puerto Rico statute. As Sister Counsel mentioned, there are no Puerto Rico case laws directly on point on this issue. However, the Government has, as an alternative argument, stated that under Puerto Rico's general attempt statute, that does encompass factually impossible crimes. The attempt statute states that attempts exist when the commission of a crime is not consummated due to circumstances beyond the control of the person. That last clause, Your Honors, does not necessarily encompass factually impossible crimes. Be that as it may, the Government maintains that we need not even look at Puerto Rico law for this purpose, because the attempt provision in this case relates to the 2422B attempt, not Puerto Rico attempt. Let me change the facts a little bit. I'm in my house, and I think that across the street, the house across from me is a bank. So I decided I wanted to rob a bank. I grabbed my gun and I walked across the street. Am I guilty of a federal bank robbery statute attempted? Under federal law, Your Honor, I believe that would be, it's a fine line between legal impossibility and factual impossibility. We understand that. Well, is that a federal crime? Do I attempt to rob a bank that doesn't exist? You attempted to rob a bank that doesn't exist, Your Honor. I don't believe that would be a, necessarily an attempt to commit bank robbery. However... Why is this a federal crime? It's impossible. This case also. Because when we look at the legislative history of this statute, Your Honor, when it relates to 2422B, Congress had a very specific intent for this to target not only individuals that specifically communicate with actual minors, but also those individuals that target what a... But they're not being charged with targeting undercover agents. They're being charged with targeting a person that doesn't exist, a minor who they think exists and doesn't exist. Why is that any different than a bank that doesn't exist? Your Honor, the, whether or not if there, the fact that there was not a minor in this case does not negate the subjective intent of the defendant. And his subjective intent is the focus as to the fourth element. So that would mean attempted bank robbery. Because subjectively he believed it's a bank and intended to arrive at it. Or similarly with the 23-year-old party, subjective intent was to have sex with a minor. I think it's a little reluctant to buy in on either of those examples, but we're having, I'm having trouble hearing you distinguish those examples from the present case. So it seems to me logically you need to say either yes to the 23-year-old and yes to Judge Torawaya's bank, or you need to say there's something different about those two examples than there is about the present case. Your Honor, I believe what the, as attempt is used with relation to bank robbery, I'm not familiar with that, as to any distinction between attempt to rob a bank in the factual scenario that Judge Torawaya proposed and an attempt in this case. I would say that that relates more to a mistake of fact rather than a legal, than a factual impossibility which are close cousins but not necessarily the same. How about another, how about a textual question? There's reference, and I'm sorry I don't have the pages, but I think one of the briefs made a suggestion that there are some federal statutes that refer to conduct directed towards assumed minors. I believe what Your Honor is referring to is a failed legislative bill that Congress attempted to pass but did not, that would have specifically stated that 20, that it would be a crime to communicate with an undercover agent while believing that they were a minor. However, the fact that... Which is exactly what happened here. Yes, but two things on that, Your Honor. First, it's dangerous to interpret a certain statute based on failed legislative bills, and second, the, given the legislative history of 2422B when it was enacted, Congress may well have determined that it was just not necessary to tag on this additional language because it was already contemplated in the original text of the statute. I don't disagree with you about what you have generally said about the purpose of the statute, but Congress also threw in this state law wrinkle. Yes, Your Honor, and as I believe I explained earlier, the federal law looks to the state law for a very limited purpose, and that is to define sexual activity that could have been charged under state law. The, it does not look to state law for purposes of defining attempt, as that term is used for purposes of 2422B. And given that, Your Honor, likewise, legal defenses to femicide and other crimes are established by federal law, and here it is undisputed the factual impossibility is not a defense for an attempt to commit a 2422B. To adopt Saldana's argument to the contrary would very much frustrate and run counter to Congress's intent, as I mentioned beforehand, in enacting the statute. But even assuming that Puerto Rico law is relevant in interpreting attempt, as I mentioned, Puerto Rico attempt does necessarily contemplate factual impossible crimes in its general definition of attempt. Why didn't the, why hasn't Puerto Rico maybe not been more specific as to addressing situations where a person believes that a person, that the other is a minor but a minor undercover agent? Well, the way the criminal code is structured, Your Honor, is that the attempt provision is defined in general terms so that it can then be attached or tagged to the rest of the substance and crimes across the board in the criminal code. That is why it's more broadly defined rather than a specific attempt provision for this specific Article 130. And as to why Puerto Rico's, why there are no cited cases as to, that Puerto Rico has charged facts like this one, that is not necessarily because of a legal limitation, but rather just because of the reality that the federal government has stepped in and it has a task force specifically to address this matter and state, local government has otherwise decided to focus its resources elsewhere and in cases like this, act more reactively in cases of actual minors than alleged minors or supposed minors. And if Your Honors have no further questions, I will rest on my wreaths. Thank you. Your Honors, I briefly wanted to address some of the government's arguments as to policy considerations and congressional intent. We submit that policy considerations cannot trump statutory interpretation, especially in 2422B, Congress left one of the essential elements of which it's the government's responsibility to prove beyond a reasonable doubt up to state law. The government in its policy, excuse me, Congress in its policy considerations determined to leave that fourth element up to the states or the commonwealth. The fact that this is a sex offense and while we understand the severity of sex offenses and it's something, it's a serious crime, does not trump the fact that we must interpret these sorts of statutes across the board and read them by their plain language and go no further. I also wanted to address Judge Correa's question about the federal bank robbery example. We would say that that's not a federal crime. An attempt to rob something that's not a federal bank is not a federal crime. For example, I don't know the exact elements of a federal bank robbery, but one of them would be that it's an FDIC insured bank and if the government cannot prove that element beyond a reasonable doubt, whether in the attempt or in the completed action, then the crime is not committed. We're not talking about mens rea and the other circuits in these specific sexual 2422B cases determine that mens rea is not the question. It's an attempt question and our suggestion to the court would be attempt or not. It's the government who has to prove each and every element beyond a reasonable doubt. And when the fourth element is not actionable, as Article 130 is not an actionable state predicate, attempt or not, the government has not proven the case. And that is what happened in Mr. Saldana's case. We also submit to the court that a ruling in this case, that Article 130, in this limited finding, may I just finish this? When it's a fictitious minor, an undercover agent, does not prohibit the government from charging the underlying predicate in cases where there is an actual minor, nor does it prohibit the government from charging other predicate offenses. The government just has to go back to the drawing board and find an actionable predicate.